UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDITH FERRARI,

    Plaintiff,

    v.

U.S. BANK, N.A., et al.

    Defendants.
_____/

No. C 09-2908 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' motion to dismiss plaintiff's complaint came on for hearing before this court on September 2, 2009. Plaintiff, Edith Ferrari ("plaintiff"), appeared through her counsel, Phyllis Voisenat. Defendants U.S. Bank National Association, successor in interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings & Loan Association ("U.S. Bank"), FCI Lender Services, Inc. ("FCI"), and DSL Service Company ("DSL")(collectively "defendants") appeared through their counsel, Molly R. Newland. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion to dismiss, for the reasons stated at the hearing, and as follows.

**BACKGROUND**

    Plaintiff is a resident of Alameda County and the owner of real property located at 3423 Laguna Avenue, Oakland, CA 94602 (the "property"). See Complaint for Damages, Declaratory and Injunctive Relief ("Complaint"), ¶ 31. On or about May 5, 2005, plaintiff re-financed the property – which she had originally purchased for $459,000 in July 2004 – with a loan of $488,000. Id. at ¶ 42. The loan was secured by a Deed of Trust against the

property. Id. DSL is the trustee under the Deed of Trust, and Downey Savings & Loan Assoc. (here proceeding as U.S. Bank) was the lender. See Complaint, ¶ 44.

After plaintiff fell in arrears on loan payments, a non-judicial foreclosure was executed by Downey on August 29, 2008. Id. at ¶ 58. Plaintiff alleges, however, that Downey foreclosed upon her home without giving plaintiff proper notice, and that plaintiff never received a Notice of Default or a Notice of Trustee Sale. See Complaint, ¶¶ 60-62.

On June 29, 2009, plaintiff filed this action against Downey, DSL, FCI Lender Services, Tassajara Valley Loans and its real estate brokers Frank Belleci and Sylvia Belleci, and U.S. Bank. See generally Complaint. Plaintiff alleges seven causes of action: (1) Real Estate and Settlement Procedure Act ("RESPA") violations; (2) violations of the Fair Debt Collection Practices Act; (3) declaratory relief; (4) injunctive relief; (5) cancellation of instrument; (6) fraud and deceit; and (7) Truth in Lending Act violations. See generally Complaint.

U.S. Bank, FCI Lender Services, and DSL now seek dismissal of plaintiff's complaint against them in its entirety, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion.

**DISCUSSION**

A.  Legal Standard

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. Id. The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating a motion to dismiss, all allegations of material fact are taken as true

1    and construed in the light most favorable to the nonmoving party.  See, e.g., Burgert v.
2    Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).
3    The court, however, is not required to accept as true allegations that are merely
4    conclusory, unwarranted deductions of fact, or unreasonable inferences.  Sprewell v.
5    Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Nor do courts assume the truth
6    of legal conclusions merely because they are cast in the form of factual allegations,
7    Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can
8    prove facts different from those it has alleged.  Associated Gen. Contractors of California,
9    Inc. v. California State Council of Carpenters, Inc., 459 U.S. 519, 526 (1983).

10           To survive a motion to dismiss for failure to state a claim, a complaint generally must
11   satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.
12   Rule 8 requires only that the complaint include a "short and plain statement of the claim
13   showing that the pleader is entitled to relief." Fed.R.Civ.P 8(a)(2).  Specific facts are
14   unnecessary - the statement need only give the defendant "fair notice of the claim and the
15   grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell
16   Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)).  In order to survive a dismissal
17   motion, a plaintiff must allege facts that are enough to raise her right to relief "above the
18   speculative level." Twombly, 127 S.Ct. at 1965.  While the complaint "does not need
19   detailed factual allegations," it is nonetheless "a plaintiff's obligation to provide the 'grounds'
20   of his 'entitlement to relief' [which] requires more than labels and conclusions, and a
21   formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.  In
22   short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its
23   face," not just conceivable.  Id. at 1974.

24           In addition, when resolving a motion to dismiss for failure to state a claim, the court
25   may not generally consider materials outside the pleadings.  Lee v. City of Los Angeles,
26   250 F.3d 668, 688 (9th Cir. 2001).  An exception to this rule is that a court may consider a
27   matter that is properly the subject of judicial notice, such as matters of public record.  Id. at
28

689; see also Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (on a motion to dismiss, a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment).

B.     Motion to Dismiss

     1.     Real Estate Settlement and Procedure Act ("RESPA") Claim

Plaintiff's first cause of action alleges that defendants failed "to make and timely provide the required written disclosures, by making and collecting prohibited charges in violation of RESPA." Complaint, ¶ 71. "RESPA requires mortgage lenders to disclose the costs associated with real estate closings." Bloom v. Martin, 77 F.3d 318, 320 (9th Cir. 1996) (citing 12 U.S.C. § 2601)). RESPA was enacted to institute:

> [S]ignificant reforms in the real estate settlement process . . . to insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country.

12 U.S.C. § 2601(a).

As a preliminary matter, plaintiff's allegations against defendants are conclusory in nature, and fail to allege with particularity any conduct undertaken on the part of any specific defendant, or even to identify the particular provisions of RESPA that plaintiff asserts have been violated. Accordingly, it is impossible for the court to assess the strength of plaintiff's allegations as to any individual defendant, and plaintiff's complaint must be dismissed for failure to comply with the pleading requirements of Rule 8. Even assuming the truth of plaintiff's conclusory allegations as to all defendants, claims under § 2605 are governed by a three-year statute of limitations. 12 U.S.C. § 2614. Thus, since the alleged RESPA violations which plaintiff complains of occurred in May 2005, and this action was not filed until June 2009, well outside the three-year limitations period, plaintiff's claim under § 2605 is time-barred. While the Ninth Circuit has not addressed the question of whether equitable tolling is available under RESPA, several district courts have addressed

this issue and determined that equitable tolling was available.  See e.g., Brewer v. Indymac Bank, 609 F.Supp.2d 1104, 1118 (E.D. Cal. 2009); Marcelos v. Dominguez, 2008 WL 1820683, *6 (N.D. Cal. 2008); Bloom, 865 F.Supp. at 1386-87.  However, even assuming that equitable tolling is available, plaintiff has failed to allege sufficient facts demonstrating entitlement to equitable tolling, for the reasons stated above.

To the extent that plaintiff attempts to state a claim for relief based on a violation of § 2603 or § 2604, she has failed to plead a cognizable cause of action.  There is no private right of action for disclosure violations under § 2603, Bloom v. Martin, 865 F.Supp. 1377, 1384-85 (N.D. Cal. 1994), or under § 2604, Bamba v. Resource Bank, 568 F.Supp.2d 32, 34-35 (D.D.C. 2008) (citing Collins v. FMHA-USDA, 105 F.3d 1366, 1367-68 (11th Cir. 1997)).

Accordingly, plaintiff's first cause of action is DISMISSED for failure to state a claim upon which relief may be granted.

2.    Fair Debt Collection Practices Act ("FDCPA") Claim

Plaintiff's second cause of action alleges that defendants are "debt collectors" within the meaning of the FDCPA, and that defendants violated the statute by using "false or misleading representations or deceptive means to collect or attempt to collect a debt," and by using "unfair or unconscionable means to collect or attempt to collect any debt...".  Complaint, ¶ 76.

Plaintiff's FDCPA claim fails for two reasons.  First, the complaint does not allege any facts to suggest that any defendant is a debt collector under the FDCPA.  To be held liable for violation of the FDCPA, a defendant must fall within the Act's definition of "debt collector."  Izenberg v. ETS Services, LLC, 589 F.Supp.2d 1193, 1198 (C.D. Cal. 2008) (citing Heintz v. Jenkins, 514 U.S. 291, 294 (1995)).  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

5

owed or due another." 15 U.S.C. § 1692a(6).  Plaintiff does not allege specific or particularized facts giving rise to the inference that any defendant is a debt collector as defined by the FDCPA, nor did plaintiff identify the provisions of the Act that each defendant individually allegedly violated.  As such, plaintiff has not satisfied the minimal notice pleading requirements of Rule 8.

Second, the complaint does not allege that any defendant was "collecting a debt" within the meaning of the FDCPA.  Nor can plaintiff do so because foreclosing on a property pursuant to a deed of trust is not the collection of a debt under the FDCPA. Izenberg, 589 F.Supp.2d at 1199.

Accordingly, plaintiff's second cause of action is DISMISSED for failure to state a claim upon which relief may be granted.  Because amendment would be futile, this claim is dismissed with prejudice.

3.   Declaratory Relief

Plaintiff's third cause of action alleges that a dispute exists between herself and defendants as to their respective rights and duties regarding the refinancing loan. Specifically, plaintiff contends the defendants "did not have the right to nonjudicially foreclose on the Ferrari Home since the refinance was fraudulent, failed to comply with California's mandatory nonjudicial foreclosure statutes, and for [sic] violations of TILA and RESPA which resulted in the foreclosure process to be illegal, and that [d]efendants were not the real parties in interest...".  Complaint, ¶ 79.  To that end, plaintiff "desires a judicial determination and declaration of [the parties'] respective rights and duties; specifically, that the Trustee's Sale was ineffective and a legal nullity."  Id. at ¶ 80.

An action for declaratory relief requires the plaintiff to demonstrate the existence of an actual controversy regarding the legal rights of the parties.  McClain, 159 Cal.App.4th at 800.  Where there is an accrued cause of action for a past breach of contract or other wrong, declaratory relief is inappropriate.  See Canova v. Trustees of Imperial Irrigation District Employee Pension Plan, 150 Cal.App.4th 1487, 1497 (2007) ("Declaratory relief

operates prospectively to declare future rights, rather than to redress past wrongs"). The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred. County of San Diego v. California, 164 Cal.App.4th 580, 607-08 (2008); see also Societe de Conditionnement v. Hunter Eng. Co., Inc., 655 F.2d 938, 943 (9th Cir. 1981) (A declaratory relief action "brings to the present a litigable controversy, which otherwise might only be tried in the future."). If a party has a "fully matured cause of action for money," the party must seek damages rather than declaratory relief. Canova, 150 Cal.App.4th at 1497.

Plaintiff's declaratory relief cause of action fails because she seeks to redress past wrongs rather than a declaration as to future rights. The foreclosure sale has already taken place, and therefore the claimed invasion of right has already occurred. Complaint, ¶¶ 58-59. To the extent this cause of action can be construed as seeking to challenge the validity of the foreclosure sale on the basis that the loan documents or Deed of Trust are void or voidable, "[i]t is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 578 (1984); see also Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."). Nowhere in the complaint does plaintiff allege that she is prepared to tender the loan proceeds.

Accordingly, plaintiff's third cause of action is DISMISSED for failure to state a claim upon which relief may be granted. Because it is clear from the allegations in the complaint that amendment would be futile, this claim is dismissed with prejudice.

4. Injunctive Relief

Plaintiff's fourth cause of action seeks to state claims for injunctive relief against defendants. See Complaint, ¶¶ 81-84. However, a request for injunctive relief by itself does not state a cause of action and is properly brought before the court as a separate

motion. Shamsian v. Atl. Richfield Co., 107 Cal.App.4th 967, 984-85 (2003). Moreover, even if the court were to construe this request as derivative of all other alleged causes of action, plaintiff would still bear the burden of showing that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tip in her favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008); see also Munaf v. Green, 128 S.Ct. 2207, 2218-19 (2008).

Because a request for injunctive relief by itself does not state a cause of action, these claims are dismissed for failure to state a claim upon which relief may be granted. Moreover, to the extent that plaintiff seeks injunctive relief related to the nonjudicial foreclosure, this relief is moot as the property has been sold. There remains no effective relief this court can offer as the court cannot restrain or prevent an action that has already occurred. See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir. 1999) ("If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction.").

Accordingly, plaintiff's fourth cause of action is DISMISSED for failure to state a claim upon which relief may be granted. Because amendment would be futile, these claims are dismissed with prejudice. Plaintiff, however, may amend the complaint to include injunctive relief as a remedy for specific causes of action.

    5.    Cancellation of Instrument

Plaintiff's fifth cause of action alleges that the Trustee's Deed Upon Sale, the Deed of Trust, and the Note are "voidable, in that Defendants do not hold the original promissory note for the deed of trust to secure and the note and deed of trust are void based on fraud." See Complaint, ¶ 88-89.

California Civil Code § 3412 provides that court-ordered cancellation of a written instrument is appropriate if "there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable . . ." Cal.

8

Civ.Code § 3412.

Plaintiff's "cancellation of instrument" claim fails for several reasons. First, while fraudulent loan documents might provide grounds for loan cancellation, plaintiff fails to plead a claim for fraud, as discussed below. Even assuming that the Deeds of Trust and Sale are void or voidable, "[i]t is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Management Corp. v. Eischen, 158 Cal.App.3d 575, 578 (1984); see also Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."). Nowhere does plaintiff allege that she is prepared to tender the loan proceeds.

Second, to the extent plaintiff is alleging that defendants have failed to meet statutory requirements for conducting a foreclosure sale on the subject property because defendants did not produce the note before commencing the non-judicial foreclosure proceedings, this claim fails, as well. Under California Civil Code § 2924, no party needs to physically possess or produce the promissory note to commence the foreclosure process. See Cal. Civ.Code § 2924(a)(1). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee." Moeller v. Lien, 25 Cal.App.4th 822, 830 (1994).

Accordingly, plaintiff's fifth cause of action is DISMISSED for failure to state a claim upon which relief may be granted.

     6.     Fraud and Deceit

Plaintiff's sixth cause of action alleges that defendants' conduct "was orchestrated to hide the true identity of the real note holder, and real party in interest as set forth in the original note, the true terms of the note, the true relationship between the broker and the fees and costs involved with [plaintiff's] refinance." Complaint, ¶ 92. Plaintiff further alleges, on information and belief, that defendant Downey's practice was to transfer its

9

Notes for sale to investors, in order to increase defendants' capital income, and that defendants misrepresented the fact that plaintiff would have lower payments. Id. at ¶¶ 93, 102-05.

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." Gil v. Bank of Am., Nat'l Ass'n, 138 Cal.App.4th 1371, 1381 (2006). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). This means that plaintiff "must state with particularity the circumstances constituting fraud . . ." Fed.R.Civ.P. 9(b). In other words, plaintiff must include "the who, what, when, where, and how" of the fraud. Vess, 317 F.3d at 1106 (citations omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994). "A plaintiff's burden in asserting a fraud claim against a corporate employer is even greater. In such a case, the plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Lazar v. Superior Court, 12 Cal.4th 631, 645 (1996) (internal quotation marks omitted).

As to multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 765-66 (9th Cir. 2007); see also Pegasus Holdings v. Veterinary Centers of America, Inc., 38 F.Supp.2d 1158, 1163 (C.D. Cal.1998) (where an action involves multiple defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.' ").

The purpose of Rule 9(b) is to ensure that defendants accused of the conduct

specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. Concha v. London, 62 F.3d 1493, 1502 (9th Cir. 1995). "Without such specificity, defendants in these cases would be put to an unfair advantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing." Id. (citing Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)).

Plaintiff's fraud claim fails because it does not satisfy the heightened pleading requirements of Rule 9(b). First, plaintiff did not allege any misrepresentation or false statements made by any *individual* defendant. Second, plaintiff did not allege the names of the persons who made the allegedly fraudulent representations and their authority to speak. Nor did plaintiff allege with sufficient particularity or clarity, what is false or misleading about the statement, and why it is false. As such, plaintiff's allegations are insufficient to satisfy the purpose of Rule 9(b), which is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations.

Finally, plaintiff's fraud claim is untimely. A claim for fraud is subject to a three year statute of limitations. See Cal. Code Civ. Proc., § 338(d). Here, plaintiff alleges she entered into the transaction in question in May 2005. Complaint, ¶ 41. Yet the instant complaint was not filed until June 29, 2009, well beyond the three year limitations period. Nor has plaintiff alleged any facts that would demonstrate she is entitled to equitable tolling.

Accordingly, plaintiff's seventh cause of action is DISMISSED for failure to state a claim upon which relief may be granted. The dismissal is with leave to amend, however, so that plaintiff may attempt to properly allege a fraud claim, as well as sufficient facts to demonstrate her entitlement to equitable tolling.

7.      Truth in Lending Act ("TILA") Claim

Plaintiff's final cause of action alleges that defendant Downey (now U.S. Bank) was a creditor within the meaning of TILA, that plaintiff was a consumer within the statute's

definition, and that the terms and rates at which she refinanced her property were different from what had been promised to her, "including that it was a negatively amortized loan that would result in her principal balance increasing over $100,000 within a year." Complaint, ¶ 115. Plaintiff alleges that defendants specifically violated TILA's disclosure requirements by "not disclosing that the charges made on either loan would be assessed and debited against the other loan, despite which rates and interest were disclosed." Id. at ¶ 116.

TILA is intended to protect consumers in credit transactions by requiring disclosure of key terms of the lending arrangement and its related costs. See 15 U.S.C. § 1601 *et seq.* A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling. A plaintiff's damage claims relating to improper disclosures under TILA are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated. King v. State of California, 784 F.2d 910, 915 (1986); see also Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA occurs at the time the loan documents were signed).

Here, plaintiff signed her loan refinance documents in May 2005, but did not file suit until June 2009. As such, the one-year time limit for any claim for damages is time-barred, unless the doctrine of equitable tolling applies. See King, 784 F.2d at 915 (equitable tolling of civil damages claims brought under TILA may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action). Plaintiff, however, makes no allegation that equitable tolling is warranted under the circumstances. Accordingly, plaintiff's TILA damages claim is time-barred, and therefore is dismissed.

To the extent plaintiff attempts to state a rescission claim, TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. Semar v. Platte Valley Federal Sav. & Loan Ass'n, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a). TILA and its

12

regulations, issued by the Federal Reserve System, 12 C.F.R. §§ 226.1-.29 ("Reg Z"), require the lender to provide a form stating the specific date on which the three-day rescission period expires. Semar, 791 F.2d at 701 (citing 15 U.S.C. § 1635(a)).

A borrower's right of rescission is extended from three days to three years if the lender (1) fails to provide notice of the borrower's right of rescission or (2) fails to make a material disclosure. 12 C.F.R. § 226.23(a)(3). "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor." 15 U.S.C. § 1635(f); see also 12 C.F.R. § 226.23(a)(3) ("If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first.").

Because plaintiff commenced the instant action after the foreclosure sale, however, rescission is no longer an available remedy. See Meyer, 342 F.3d at 902 (right to rescind expires when property is sold); Hallas v. Ameriquest Mortg. Co., 406 F.Supp.2d 1176, 1183 (D. Or. 2005) (foreclosure sale terminated plaintiff's right of rescission). Thus, any rescission claim must be dismissed, as well.

In sum, plaintiffs' final cause of action is DISMISSED for failure to state a claim upon which relief may be granted. The claim is dismissed with leave to amend, however, so that plaintiff may allege specific facts against suggesting that any qualifying conduct by any defendant forms the basis for a claim under TILA, and that the one-year statute of limitations was equitably tolled.

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is GRANTED. Plaintiff's first through seventh causes of action are dismissed as to all moving defendants.

13

Case 4:09-cv-02908-PJH   Document 12   Filed 10/16/09   Page 14 of 14

Plaintiff is granted leave to amend all claims, if she can, except for the second, third, and fourth claims, which are dismissed with prejudice. Plaintiff shall file an amended complaint in accordance with this order no later than November 15, 2009. The amended complaint must comply with Rule 8 and Rule 9(b). If the further amended complaint is either filed untimely or lacks a cognizable claim, this action will be dismissed with prejudice as to the moving defendants.

**IT IS SO ORDERED.**

Dated: October 16, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge